IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHIRLEY HIGHTOWER | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:05CV100 |
| | § | |
| BE&K CONSTRUCTION COMPANY | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

THE MATTER BEFORE THE COURT is Defendant's Motion to Dismiss Plaintiff's

Amended Complaint [15], filed February 23, 2006.  Defendant contends that the Court lacks

subject matter jurisdiction of Plaintiff's age discrimination claims because Plaintiff failed to

allege the proper statutory grounds.  Rather than citing the Age Discrimination in Employment

Act, Title 29 U.S.C. § 623(a)(1), which makes it unlawful for an employer to discharge or

otherwise discriminate against any individual because of such individual's age, Plaintiff cited 42

U.S.C. §§ 1981 and 2000e as the statutory basis for her claims.  Defendant correctly points out

that age discrimination is not made unlawful by 42 U.S.C. §§ 1981 or 2000e.  *See Jett v. Dallas*

*Independent School Dist.,* 798 F.2d 748, 762 (5th Cir. 1986) ("Section 1981 ... only provides a

remedy for discrimination based on race or alienage.") and *General Dynamics Land Systems, Inc.*

*v. Cline,* 540 U.S. 581, 586-87 (2004) ("Congress chose not to include age within discrimination

forbidden by Title VII of the Civil Rights Act of 1964.")

Despite this deficiency, Plaintiff's failure to correctly cite the federal statute is not

necessarily fatal to her claims.  *See Reich v. Tiller Helicopter Services, Inc.*, 8 F.3d 1018, 1032

(5th Cir.1993) (federal statutory cause of action can be pleaded without citing the specific

remedial statute).  The Court has a duty under FED. R. CIV. P. 8(a) to read the Amended

Complaint liberally and determine whether the facts set forth justify it assuming jurisdiction on grounds other than those pleaded. *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). In this case, Plaintiff has alleged that she was discriminated against based on age and retaliated against based on her complaints concerning age discrimination. The Court has subject matter jurisdiction of these claims by virtue of the ADEA, Title 29 U.S.C. § 623, *et seq.* Accordingly, Defendant's Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [15] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE